**THE AGUILERA LAW GROUP, APLC**
A. Eric Aguilera (SBN 192390)
Raymond E. Brown (SBN 164819)
650 Town Center Drive, Suite 100
Costa Mesa, CA 92626
T: 714.384-6600 / F: 714.384.6601
eaguilera@aguileragroup.com

Attorneys for Plaintiff, Travelers Property Casualty Company of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation<br><br>Plaintiffs,<br><br>v.<br><br>127 BAYO VISTA CONDOMINIUM ASSOCIATION- OAKLAND, a California Corporation; NEIGHBORHOOD ASSOCIATION AGAINST MANAGEMENT, INC., a California Corporation; DAVID TODA, as an individual and as TRUSTEE of the MARY R. FLYNN TRUST DATED APRIL 3, 2015; FARMERS INSURANCE EXCHANGE, a California Interinsurance Exchange; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) RESCISSION OF THE TRAVELERS POLICIES**<br><br>**(2) DECLARATORY RELIEF**<br><br>**(3) DECLARATORY RELIEF FOR ESTOPPEL, WAIVER, AND UNCLEAN HANDS**<br><br>**(4) DECLARATORY RELIEF**<br><br>**(5) RESERVATION OF RIGHTS**<br><br>**JURY DEMAND** |

COMES NOW Plaintiff, Travelers Property Casualty Company of America ("Travelers"), by and through its undersigned counsel, and requests judgment in its favor and against Defendants, 127 Bayo Vista Condominium Association – Oakland, Neighborhood Association Management, Inc., David Toda, the Mary R. Flynn Trust Dated April 3, 2015, Farmers Insurance Exchange, and Does 1 through 10, and in support of such request states as follows:

## PARTIES

1. Travelers is and at all times relevant was a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut. Travelers is and at all times relevant was an insurance carrier eligible to do business as an insurer in the State of California.

2. On information and belief, 127 Bayo Vista Condominium Association – Oakland ("BVCA") is a corporation organized and existing under the laws of the State of California with its principal place of business in Oakland, California.

3. On information and belief, Neighborhood Association Management, Inc. ("NAMI") is a corporation organized and existing under the laws of the State of California, with its principal place of business in Livermore, California.

4. On information and belief, David Toda ("Toda") is a citizen and resident of California and the Trustee of the Mary R. Flynn Trust Dated April 3, 2015 ("Trust"). Upon information and belief, the Trust is the owner of a condominium, Unit 306, located at 127 Bayo Vista Ave., Oakland, California 94611.

5. On information and belief, Farmers Insurance Exchange ("Farmers") is and at all times relevant was a business entity formation unknown, organized and existing under the laws of the State of California, and domiciled in the State of California. Farmers is and at all times relevant was an insurance carrier eligible to do business as an insurer in the State of California.

6. Does 1 through 10 are sued herein by such fictitious names because Travelers is unaware of their true names and capacities as defendants. Travelers will amend this Complaint to reflect the true names when the same are ascertained. Travelers is informed and believes that said Doe Defendants are interested parties to this action.

7. BVCA, NAMI, Toda, the Trust, Farmers, and Does 1 through 10 are referred to collectively herein as "Defendants."

## JURISDICTION AND VENUE

8. This Court has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the matter in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs and interests.

9. This Court has diversity jurisdiction because Travelers is domiciled in Connecticut and Defendants are domiciled in states other than Connecticut.

10. Venue is appropriate in this judicial district, pursuant to 28 U.S.C. § 1391, because Defendants are subject to personal jurisdiction within this District. Venue is further appropriate in that the subject matter of the dispute arises out of an underlying lawsuit filed in this judicial district.

## THE UNDERLYING ACTION

11. This instant action arises out of a dispute between a condominium owner and the condominium owners' association regarding damage to property located at 127 Bayo Vista Ave., Unit 306, Oakland, California 94611 ("Unit 306").

12. On January 17, 2018, Toda filed a Complaint against BVCA in the Superior Court for the County of Alameda, Case No. RG18889357 ("Underlying Action").

13. In the Underlying Action, Toda alleged Unit 306 incurred damage because of, among other things, a leaking roof, and alleged causes of action against BVCA for breach of contract, breach of fiduciary duty, and declaratory relief.

14. Toda alleged BVCA, by and through its members and/or its agent, NAMI, was first made aware of the issues with the roof and damage to the Unit 306 in 2009.

15. Toda alleged that, in response to his repeated notices of and demands for BVCA to repair the roof and resulting damages, BVCA threatened litigation against Toda in 2010 and continued to refuse to repair the alleged defective roof and resulting damage.

16. Toda further alleged he renewed his request to the BVCA to repair the roof, which was still leaking and causing damage to his property, in February 2016.

17. Toda alleged BVCA, by and through its members and/or its agent, NAMI, inspected his unit and the roof in April 2016 but that BVCA notified him in August 2016 that it would not take any action or make any repairs to the roof or the alleged damages to Unit 306.

18. Toda alleged that, in response to his repeated complaints, Farmers, the insurance carrier for BVCA, sent an agent to inspect the property, including the roof and Unit 306, in September 2016.

19. Toda alleged that, in October 2016, he hired a forensic architect who concluded that the roof was allowing water to enter and cause damage to Unit 306. Toda alleged he informed the BVCA of the architect's findings.

20. Because of the water damage and BVCA's refusal to repair the roof and resulting damage, Toda alleged he had been unable to rent Unit 306, which allegedly has been uninhabitable, since 2009.

21. In the Underlying Action, Toda sought a judgment for damages to include lost rental income, the costs of inspections and removal of building materials, interest, litigation costs, and attorneys' fees.

22. BVCA did not file a responsive pleading in response to the complaint in the Underlying Action.

23. On March 22, 2018, Toda filed a Request for Entry of Default against BVCA with the Superior Court of the County of Alameda, a copy of which is attached hereto as **Exhibit A**.

24. On September 27, 2018, Toda filed a Request for Court Judgment with the Superior Court of the County of Alameda in the amount of $384,852.93, a copy of which is attached hereto as **Exhibit B**.

25. On December 19, 2018, the Superior Court of the County of Alameda granted Toda's request and entered a default judgment against BVCA for $384,852.93, a copy of which is attached hereto as **Exhibit C**.

26. On February 25, 2019, BVCA filed a motion to vacate the default judgment; however, the Court denied the motion by an order dated April 18, 2019, a copy of which is attached hereto as **Exhibit D**.

27. Travelers did not receive notice of the Underlying Action or the claims being asserted against BVCA until March 7, 2019.

28. Because Toda and the Trust have obtained a default judgment and award of damages against BVCA in the Underlying Action, they are parties interested in the outcome of this declaratory action and are so situated that disposing of the action in their absence may leave Travelers subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Toda and the Trust, therefore, are necessary and proper parties to this action pursuant to Rule 19 (a) of the Federal Rules of Civil Procedure.

## **FARMERS POLICIES**

29. Upon information and belief, BVCA obtained a commercial insurance policy from Farmers, bearing Policy No. 600467892, as early as September 1, 2001. BVCA renewed and maintained its commercial insurance policy with Farmers each year until Farmers cancelled the policy on or about September 1, 2017. The policies obtained by BVCA with Farmers from 2001 to 2017 are referred to herein collectively as the "Farmers Policies."

30. The Farmers Policies were in full force and effect at the times of the incidents alleged in the Underlying Action.

31. BVCA is an insured under the Farmers Policies with regard to the Underlying Action.

32. On information and belief, the Farmers Policies provided coverage to BVCA with regard to the Underlying Action.

33. Farmers had a duty to defend BVCA with regard to the Underlying Action.

34. Farmers had a duty to indemnify BVCA with regard to any judgment rendered against BVCA in the underlying action.

35. Farmers refused to defend and has refused to indemnify BVCA.

36. Upon information and belief, Farmers cancelled its insurance policy with BVCA on or about September 1, 2017.

## **TRAVELERS POLICIES**

37. Travelers issued the following Condominium Pac Plus Policies (the "Travelers Policies") to BVCA:

| Policy No. | Policy Period |
|---|---|
| 680-8J611312-17-42 | 09/01/2017 to 09/01/2018 |
| 680-8J611312-18-42 | 09/01/2018 to 09/01/2019 |

38. BVCA, by and through its members and its agent, NAMI, was first placed on notice of and had actual knowledge of the claims giving rise to the Underlying Action prior to September 1, 2017, when the first Travelers Policy became effective.

39. In applying for insurance coverage with Travelers, BVCA failed to disclose that its last insurance policy, Farmers Policy No. 600467892 for the policy period September 1, 2016 to September 1, 2017, had been cancelled by Farmers, despite specific questions seeking such material information in the application.

40. In applying for insurance coverage with Travelers, BVCA failed to disclose it was aware of and had specific knowledge about an ongoing loss, existing or continuing damage to, and/or a claim made against it arising out of property damage as set forth in the Underlying Action.

41. In applying for insurance coverage with Travelers, BVCA failed to disclose an accurate claim history.

42. After Travelers issued the first policy noted above, BVCA failed to remedy or otherwise disclose the incorrect information set forth above.

///

///

///

///

## FIRST CAUSE OF ACTION – RESCISSION
## OF THE TRAVELERS POLICIES
## (AGAINST BVCA)

43. Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 42 as though fully set forth herein.

44. Travelers is informed and believes that, at the time BVCA applied for insurance and/or renewed its insurance with Travelers, it knew that it had ongoing, prior losses arising from issues with its roof and the alleged resulting damages to Unit 306 and the property of Toda and the Trust and fraudulently, intentionally, and/or negligently misrepresented that material information to secure insurance with Travelers.  Travelers believed and reasonably relied upon the material representations of BVCA in issuing and renewing the Travelers Policies.

45. Had BVCA not misrepresented the existence, nature, and scope of the ongoing, prior losses arising from issues with its roof and the alleged resulting damages to Unit 306 and the property of Toda and the Trust, Travelers would not have entered into insurance contracts with BVCA.

46. Travelers is informed and believes that, at the time BVCA applied for insurance and/or renewed its insurance with Travelers, it knew that its prior insurance with Farmers had been cancelled by Farmers and fraudulently, intentionally, and/or negligently misrepresented that material information to secure insurance with Travelers.  Travelers believed and reasonably relied upon the material representations of BVCA in issuing and renewing the policies at issue.

47. Had BVCA not misrepresented the cancellation of its prior insurance policy by Farmers, Travelers would not have entered into insurance contracts with BVCA.

48. In reliance upon the material representations of BVCA in the application and renewal processes, Travelers believed it was assuming a specific risk, which was not accurate.  Because of the misrepresentations by and on behalf of BVCA, by which it intended to deceive Travelers and which increased the risk of loss to Travelers, Travelers is entitled to rescission of the Travelers Policies.

49. As a result of BVCA's misrepresentations, Travelers has incurred attorneys' fees and costs in an amount to be determined at trial.

50. Travelers intends service of the summons and complaint in this action to serve as notice of rescission of the Travelers Policies and hereby offers to restore all consideration furnished by BVCA on condition that BVCA restore to Travelers all attorneys' fees and costs incurred in defense of BVCA with regard to the Underlying Action.

## SECOND CAUSE OF ACTION – DECLARATORY RELIEF
## (AGAINST BVCA, NAMI, TODA, AND THE TRUST)

51. Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 as though fully set forth herein.

52. BVCA fraudulently, intentionally, and/or negligently misrepresented information on its insurance application and during the renewal of the Travelers policies. Had BVCA not misrepresented such information, Travelers would not have issued and would not have renewed any insurance policy to BVCA. Travelers, therefore, has no duty to defend or indemnify BVCA with respect to the Underlying Action.

53. In the alternative, Travelers asserts that it owes no duty to defend or indemnify BVCA with respect to the Underlying Action pursuant to operation of the terms, conditions, exclusions, endorsement and other provisions of the Travelers Policies.

54. The Travelers Policies provide:

SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

    2. Duties In The Event Of Occurrence, Offense, Claim or Suit

        a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

            (1) How, when and where the "occurrence" or offense took place;

            (2) The names and addresses of any injured persons and witnesses; and

            (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

        b. If a claim is made or "suit" is brought against any insured, you must:

            (1) Immediately record the specifics of the claim or "suit" and the date received; and

            (2) Notify us as soon as practicable.

1           You must see to it that we receive written notice of the claim or
2           "suit" as soon as practicable.
3       c.      You and any other involved insured must:
4           (1) Immediately send us copies of any demands, notices, summonses
5           or legal papers received in connection with the claim or "suit."
6   55.  The Insurance Policies include an "Xtend Endorsement," which provides in part:
7       M.   KNOWLEDGE AND NOTICE OF OCCURRENCE OR OFFENSE
8           1. The following is added to COMMERCIAL GENERAL
9           CONDITIONS (Section IV), paragraph 2. (Duties In The Event of
10          Occurrence, Offense, Claim or Suit):
11          Notice of an "occurrence" or of an offense which may result in a
12          claim under this insurance shall be given as soon as practicable after
13          knowledge of the "occurrence" or offense has been reported to any
14          insured listed under Paragraph I of Section II – Who Is An Insured or
15          an "employee" (such as an insurance loss control or risk manager or
16          administrator) designated by you to give such notice.
17          Knowledge by other "employee(s)" of an "occurrence" or of an
18          offense does not imply that you also have such knowledge.
19  56.  As provided in the Travelers Policies, notice was required as soon as practicable.
20  57.  Notice to Travelers in this instance was not as soon as practicable as required by the
21  Travelers Policies.
22  58.  Notice of the claims asserted by Toda and the Trust against BVCA was a condition
23  precedent to coverage under the Travelers Policies.
24  59.  Notice of the claims in the Underlying Action was not given to Travelers until March
25  7, 2019, over a year after the complaint in the Underlying Action had been filed and nearly three
26  months after a default judgment was entered against BVCA.  As a result of the late notice by
27  BVCA, Travelers was prejudiced.  There is, therefore, no coverage under the Travelers Policies due
28  to the breach of a condition precedent that notice be given to Travelers as soon as is practicable.

60. In addition, the Travelers Policies provide:

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory."

        (2) The "bodily injury" or "property damage" occurring during the policy period; and

        (3) Prior to the policy period, no insured listed under Paragraph 1 of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice or an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

61. The aforementioned policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

62. The acts alleged in the Underlying Action do not constitute an accident.

63. The damages for which BVCA is liable by order of the Superior Court of the County of Alameda are not "property damage" caused by an "occurrence" as set forth in the Travelers

Policies. There is, therefore, no coverage for the claims alleged in the Underlying Action under the Travelers Policies.

64. Furthermore, as set forth above, the damages sought in the Underlying Action and for which BVCA is liable by order of the Superior Court of the County of Alameda began as early as 2009 and allegedly continued for many years thereafter.

65. The damages sought in the Underlying Action and for which BVCA is liable by order of the Superior Court of the County of Alameda are not "property damage" that occurred within any applicable policy period as set forth in the Travelers Policies. There is, therefore, no coverage for the claims alleged in the Underlying Action under the Travelers Policies.

66. Finally, BVCA received notice of and had actual knowledge of the claims giving rise to the Underlying Action for years prior to the inception of the first Travelers Policy on September 1, 2017. There is, therefore, no coverage for the claims alleged in the Underlying Action under the Travelers Policies.

67. Because there is no coverage under the Travelers Policies for the claims alleged or damages awarded in the Underlying Action, Travelers has no duty to defend and indemnify BVCA relative to the Underlying Action.

68. Because there is no coverage under the Travelers Policies for the damages awarded in the Underlying Action, Toda and the Trust have no right pursuant to Cal. Ins. Code § 11580 to bring any action against Travelers to enforce or to seek satisfaction of the judgment they obtained against BVCA.

69. An actual, present, and justifiable controversy has arisen and now exists between Travelers on the one side and BVCA, NAMI, Toda, and the Trust on the other, concerning their respective rights, duties, and obligations, if any, under the Travelers Policies with respect to the Underlying Action.

70. Based on the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations of the parties may be determined under the respective policies of insurance.

### **THIRD CAUSE OF ACTION – DECLARATORY RELIEF FOR ESTOPPEL, WAIVER, AND UNCLEAN HANDS**
### **(AGAINST ALL DEFENDANTS)**

71. Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 70 as though fully set forth herein.

72. Travelers is not liable herein for claims and awards in the Superior Court of the County of Alameda due to the doctrine of estoppel.

73. Travelers is not liable herein for claims and awards in the Superior Court of the County of Alameda due to the doctrine of waiver.

74. Travelers is not liable herein for claims and awards in the Superior Court of the County of Alameda due to the doctrine of unclean hands.

### **FOURTH CAUSE OF ACTION – DECLARATORY RELIEF**
### **(AGAINST FARMERS)**

75. Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 74 as though fully set forth herein.

76. BVCA is an insured under the Farmers Policies.

77. Because BVCA is an insured under the Farmers Policies, Farmers owes coverage, including defense and indemnity, for the Underlying Action to BVCA up to the respective limits of the Farmers Policies.

78. The coverages provided to BVCA under the Farmers Policies are primary to any coverage provided by the Travelers Policies.

79. Because the coverages provided by Farmers to BVCA are primary to any coverage provided by Travelers, Travelers is entitled to recoup the sums it has incurred in defending BVCA in the Underlying Action.

80. An actual controversy exists between Travelers, on the one hand, and Farmers, on the other, as Travelers contends, and Farmers disputes, that Farmers is obligated to defend and indemnify BVCA with respect to the Underlying Action up to the respective limits of Farmers' applicable policies.

81. A judicial declaration is necessary and appropriate at this time to determine the respective rights and duties of the parties involved and to determine Farmers' responsibility to defend and indemnify BVCA with respect to the Underlying Action and to make available the policy limits of the Farmers Policies to satisfy any judgment against BVCA in the Underlying Action.

82. Accordingly, Travelers seeks a declaration that Farmers had an obligation to defend and has an obligation to indemnify BVCA under the Farmers Policies; that the coverages provided by the Farmers Policies are primary; and that the obligations of Travelers to BVCA, if any, in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Farmers Policies by means of a judgment.

83. In addition, Travelers seeks an award at law and in equity against Farmers for recovery of all sums Travelers has paid in the defense of BVCA in the Underlying Action because the coverages provided by the Farmers Policies are primary to any coverage provided by Travelers.

## **FIFTH CAUSE OF ACTION -- RESERVATION OF RIGHTS**
## **(AGAINST ALL DEFENDANTS)**

84. Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 83 as though fully set forth herein.

85. Travelers reserves the right to rely upon other policy provisions, endorsements, modifications, and/or definitions in the Travelers Policies that may similarly impact the existence or availability of any coverage.

86. While not an exhaustive or conclusive list, the averments set forth above by Travelers are based on the information known at present and represent the good faith effort of Travelers to comply with Rule 8 of the Federal Rules of Civil Procedure. Travelers reserves the right to supplement its averments herein after being afforded the opportunity to conduct additional investigation and discovery.

## **PRAYER**

WHEREFORE, Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Rescinding the Travelers Policies;

2. Declaring that no insurance under the Travelers Policies ever took effect; therefore, Travelers had and has no obligations to any of the Defendants relative to any judgment, damages, or defense in the Underlying Action;

3. Declaring, in the alternative, that there is no coverage under the Travelers Policies for the Underlying Action or any damage or judgment arising there from;

4. Declaring, in the alternative, that Travelers owes no duty to defend or indemnify BVCA and/or NAMI;

5. Declaring, in the alternative, that Farmers had a duty to defend BVCA in the Underlying Action;

6. Declaring, in the alternative, that Farmers has a duty to indemnify BVCA in the Underlying Action up to and including the respective policy limits of the Farmers Policy;

7. Declaring, in the alternative, that all coverage owed by Farmers to BVCA with respect to the Underlying Action is primary to any coverage provided by Travelers;

8. Declaring, in the alternative, that the obligations of Travelers to BVCA in the Underlying Action, if any, are excess to proper exhaustion and full payment of the limits of the Farmers Policies by means of a verdict, judgment, or settlement;

9. Granting an award in favor of Travelers against Farmers for all sums Travelers paid in defending BVCA against the claims in the Underlying Action;

10. Granting an award in favor of Travelers for the costs of suit incurred herein; and

11. Granting such other and further relief as the Court may deem just and proper.

Dated:  August 12, 2019       **THE AGUILERA LAW GROUP, APLC**

_____
A. Eric Aguilera, Esq.
Attorneys for Plaintiff Travelers Property Casualty Company of America