United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>127 BAYO VISTA CONDOMINIUM ASSOCIATION- OAKLAND, *et al.*,<br><br>Defendants. | Case No. 19-cv-04697-SI<br><br>**ORDER GRANTING CONTINENTAL'S MOTION FOR SUMMARY JUDGMENT AND DENYING MOTIONS FOR SUMMARY JUDGMENT FILED BY TRAVELERS AND FARMERS**<br><br>Re: Dkt. Nos. 87, 88, 89 |

On May 28, 2021, the Court held a hearing on motions for summary judgment filed by Travelers Property Casualty Company, Farmers Insurance Exchange, and Continental Casualty Company. For the reasons set forth below, the Court GRANTS the motion filed by Continental Casualty Company and DENIES the motions filed by Travelers Property Casualty Company and Farmers Insurance Exchange.

**BACKGROUND**

This is a declaratory action by Travelers Property Casualty Company ("Travelers") concerning the defense costs incurred and default judgment obtained against its insured, Bayo Vista Condominium Association ("BVCA"), in a lawsuit titled *David Toda as Trustee for the Mary R. Flynn Trust dated April 3, 2015 v. 127 Bayo Vista Condominium Association, Inc.*, in the Superior Court of the State of California, County of Alameda, Case Number 158327/2013 (the "Underlying Action" or the "*Toda* lawsuit"). Travelers seeks recission of the policies that it issued to BVCA based upon alleged misrepresentations by BVCA on its application for insurance. In the alternative, Travelers seeks a declaration that it did not have a duty to defend BVCA in the Underlying Action

and that it does not have a duty to indemnify BVCA for the default judgment, as well as reimbursement of its defense costs from Farmers Insurance Exchange ("Farmers") and Continental Casualty Company ("Continental"). In the event the Court finds that there is coverage for the Underlying Action under the Travelers policies, Travelers seeks a declaration that Farmers and Continental owed a duty to defend BVCA in the Underlying Action and that Travelers is entitled to an award against these other insurers for all defense costs and fees incurred by Travelers pursuant to equitable contribution.[1]

In the Underlying Action, David Toda, the owner of Unit 306 at 127 Bayo Vista in Oakland, California, sued BVCA, the condominium owners' association, regarding damage to Unit 306 that he alleged was caused by a leaking roof. Toda asserted claims for breach of contract, breach of fiduciary duty, and declaratory relief. Toda alleged that he reported the damage to BVCA beginning in 2009, and that he had discussions with BVCA board members about the damage to the unit from 2009 until he filed suit in January 2018. Toda sought damages including lost rental income, the costs of inspections and removal of building materials, interest, litigation costs, and attorneys' fees.

BVCA did not file a responsive pleading in the Underlying Action.[2] As a result, on March 22, 2018, default was entered against BVCA, and on December 19, 2018, a default judgment for $384,852.93 was entered. BVCA learned about default judgment sometime in December 2018, and then hired its own attorneys, the law firm of Angus & Terry. On February 25, 2019, Angus & Terry

---

[1] Travelers issued a Condominium Pac Plus Policy, policy no. 680-8J611312-17-42, to BVCA with an effective policy period of September 1, 2017 to September 1, 2018. Travelers renewed the policy for an effective policy period of September 1, 2018 to September 2019. Prior to applying for insurance with Travelers, BVCA had been insured by Farmers, which had issued commercial general liability and directors and officers insurance policies to BVCA beginning in September 2001 and continuing until September 1, 2017. Continental issued a claims-made Community Association Policy to BVCA effective September 1, 2017 to September 1, 2018.

[2] BVCA asserts that the *Toda* lawsuit was not properly served. BVCA states that it was informed at some point that the *Toda* lawsuit had been filed, and BVCA asked its property manager, Neighborhood Association Management, Inc. ("NAM"), to tender the action to its insurers. The facts are disputed as to whether NAM tendered the *Toda* lawsuit to Continental's underwriter, Ian H. Graham Insurance. According to BVCA, NAM informed BVCA that it had tendered the *Toda* lawsuit to the insurers. NAM did not tender the lawsuit to Farmers or Travelers.
 Continental says it first received notice of the *Toda* lawsuit on February 13, 2019. Farmers received actual if not proper notice of the *Toda* lawsuit on March 12, 2019. Continental and Farmers denied coverage for the *Toda* lawsuit.

filed a motion to set aside the default judgment based on mistake, inadvertence or neglect under California Code of Civil Procedure § 473, asserting that NAM had tendered the lawsuit to Continental and that BVCA had believed that Continental was defending the *Toda* lawsuit. Angus & Terry did not file a motion to set aside the default and default judgment pursuant to California Code of Civil Procedure § 418.10 on the ground that the state court lacked jurisdiction due to defective service.[3]

Travelers received notice of the *Toda* lawsuit on March 7, 2019, and assumed control of BVCA's defense on March 20, 2019. As discussed *infra*, BVCA and Travelers dispute whether Travelers agreed to defend BVCA subject to a reservation of rights. Travelers declined the request of Angus & Terry to remain involved on behalf of BVCA, stating that any further involvement of Angus & Terry would be at the sole expense of BVCA. Travelers filed a substitution of counsel in the Underlying Action on March 27, 2019. Travelers filed the reply brief on the motion to set aside – and did not challenge service or jurisdiction – and appeared at the hearing on the motion. On April 18, 2019, the Alameda County Superior Court denied the motion to set aside the default judgment.

On August 12, 2019, Travelers filed this action against BVCA, David Toda as an individual and trustee of the Mary Flynn Trust ("Toda"), Farmers and NAM. Travelers later amended the complaint to add Continental as a defendant. BVCA has filed cross-claims against Farmers, NAM and Travelers, and Toda filed a counterclaim against Travelers. Despite being served with a summons and the First Amended Complaint on February 14, 2020, NAM has not entered an appearance or filed a responsive pleading.

---

[3] Section 418.10 provides, in relevant part:

(d) No default may be entered against the defendant before expiration of his or her time to plead, and no motion under this section, or under Section 473 or 473.5 when joined with a motion under this section, or application to the court or stipulation of the parties for an extension of the time to plead, shall be deemed a general appearance by the defendant

(e) A defendant or cross-defendant may make a motion under this section and simultaneously answer, demur, or move to strike the complaint or cross-complaint.

Cal. Civ. Proc. Code § 418.10.

3

Now before the Court are motions for summary judgment filed by Travelers, Continental, and Farmers. Travelers seeks summary judgment on its claims against all defendants. Continental seeks summary judgment on Travelers' claims against it. Farmers seeks summary judgment on BVCA's cross-claims for declaratory relief and bad faith, and summary judgment on Travelers' claims for declaratory relief and equitable contribution.[4]

**LEGAL STANDARD**

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to produce evidence showing the absence of a genuine issue of material fact. *Id.* at 325. Rather, the burden on the moving party may be discharged by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. *Id.*

Once the moving party has met its burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* at 255. "Credibility determinations,

---

[4] The parties have raised various evidentiary objections to the submitted evidence. This order does not rely on any of the contested evidence and therefore the Court finds it unnecessary to rule on the objections. To the extent that BVCA objected to Travelers' reply evidence solely on the ground that Travelers should not be permitted to submit new evidence on reply, the Court permitted BVCA the opportunity to respond to that evidence by filing a sur-reply.

4

the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)(4).

**DISCUSSION**

**I.  Continental Casualty Company's Motion for Summary Judgment**

Travelers has alleged claims for declaratory relief, estoppel and equitable contribution against Continental. Continental denied BVCA's claim in a letter dated March 18, 2019. Toffolon Decl., Ex. G (Dkt. No. 89-13). Travelers contends that Continental had a duty to defend and indemnify BVCA in the *Toda* action; that the coverage provided by the Continental policy is primary; that Continental is estopped from asserting coverage defenses; and that Travelers is entitled to equitable contribution from Continental. All of Travelers' causes of action against Continental depend on a finding that Continental owed BVCA a duty to defend the *Toda* lawsuit.

Continental moves for summary judgment on all of Travelers' claims. Continental contends, *inter alia*, that there is no coverage under the Continental policy because that policy excludes coverage for matters based upon, arising out of, or in any way involving mold or property damage. Specifically, Section III of the Continental Policy's "Association Liability Coverage Part" excludes "any **Loss** in connection with any **Claim**: a. based upon, directly or indirectly arising out of or in any way involving any: . . . (2) . . . existence of, growth or presence of **Fungi** or **Microbes**; or the . . . failure to detect, report, test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, remediate, dispose of or in any way respond to, assess the effects of or advise of the existence of any **Fungi** or **Microbes** . . . ; or (5) damage to tangible property, loss of use or view, or destruction or deterioration of any tangible property; or failure to supervise, repair or maintain tangible property. . . . " Toffolon Decl., Ex. H at CCC-MSJ 000024 (Dkt. No. 89-14). The policy defines "Fungi" as:

> any form of fungus, including but not limited to yeast, *mold*, mildew, rust, smut or mushroom, and any spores, mycotoxins, odors or any other substances, products, or by products produced by, released by, or arising out of the current or past presence of fungi.

*Id*. at CCC-MSJ 000012 (emphasis added).

Continental contends that it is undisputed that the *Toda* lawsuit sought damages for water and mold damage to a condominium unit. The *Toda* lawsuit asserted causes of action against BVCA for breach of contract, breach of fiduciary duty, and declaratory relief based upon allegations that the roof above Toda's unit allowed water to penetrate into the interior of the unit, causing water and mold damage. For example, the *Toda* complaint alleged that "In 2009 the Association and the Board Members were informed of issues with the Condo, including that walls in the Condo were damp and flexible, baseboard trim was soft and malleable, water spots were on the ceiling, and mold was present on the walls"; that "The mold in the Unit made the Unit uninhabitable"; and "An inspection was performed, and the Association and Board Members were told that water intruding through the roof directly above the Condo was the cause of mold in the Condo." Gilbert Decl., Ex. C (*Toda* Compl. ¶¶ 18-20) (Dkt. No. 89-8).

Travelers' opposition brief contends that there was coverage under the Continental policy, focusing on language limiting the property damage exclusion in subsection (5) quoted above, and providing that the exclusion "shall not apply to that part of Loss which constitutes Defense Costs in Claims for . . . (b) decisions of the board of the Named Entity in approving or rejecting the request to make physical changes to tangible property . . . ." Travelers asserts that the *Toda* lawsuit alleged that BVCA did not allow Toda to make necessary changes to and inspections of Unit 306, and thus that Continental had a duty to defend BVCA in the *Toda* lawsuit. Travelers' opposition brief does not address the mold exclusion in subsection (2), although at the hearing Travelers' counsel asserted that the *Toda* lawsuit did not seek damages due to mold.

"To prevail in an action seeking declaratory relief on the question of the duty to defend, 'the insured must prove the existence of a potential for coverage, while the insurer must establish the absence of any such potential. In other words, the insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it cannot.'" *Delgado v. Interinsurance Exchange of the Automobile Club of So. California*, 47 Cal.4th 302, 308 (2009) (quoting *Montrose*

6

*Chemical Corp. v. Superior Court*, 6 Cal.4th at 287, 300 (1993)).

The Court concludes that Continental has shown that there is no coverage under its policy for the *Toda* lawsuit because the policy explicitly excludes "any **Loss** in connection with any **Claim**: a. based upon, directly or indirectly arising out of or in any way involving any: . . . (2) . . . existence of, growth or presence of **Fungi** or **Microbes**; or the . . . failure to detect, report, test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, remediate, dispose of or in any way respond to, assess the effects of or advise of the existence of any **Fungi** or **Microbes**" and the policy defines "Fungi" to include mold. This language broadly excludes any loss "directly or indirectly arising out of or in any way involving" mold. The Court disagrees with Travelers' assertion that the *Toda* lawsuit did not seek damages arising from mold, as the *Toda* complaint sought, *inter alia*, lost rental income due to the unit being unhabitable for years, and alleged that the unit was uninhabitable due to mold.

Travelers also contends that there are disputes of fact about whether Continental should be estopped from denying coverage. Travelers relies on a declaration submitted by BVCA's property manager, Nathan Mitchell of NAM, in the *Toda* state court action stating that he tendered the lawsuit to Continental through Continental's underwriter, Ian H. Graham Insurance, that he communicated with Ian H. Graham Insurance about the *Toda* lawsuit, and that based on those communications, he and BVCA believed that Continental was actively defending the *Toda* action. *See* Usery Decl. Ex. E (Mitchell Decl. filed in *Toda* action).[5] Continental objects to the Mitchell declaration on hearsay grounds, and also argues that as a matter of law, the doctrine of estoppel does not operate to bring expressly excluded risks within the coverage of an insurance policy.

The Court agrees with Continental. "The rule is well established that the doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom. . . ." *R & B Auto Center, Inc. v. Farmers Group, Inc.*, 140 Cal. App. 4th 327, 352 (2006) (internal

---

[5] Setting aside Continental's evidentiary objections to the Mitchell declaration, Mr. Mitchell stated that in February 2018, he notified Ian H. Graham Insurance of the *Toda* lawsuit and forwarded information to Ian Graham. Mr. Mitchell did not state that Ian H. Graham Insurance or Continental ever told him that there was coverage under the Continental policy for the *Toda* lawsuit.

7

quotation marks and citation omitted) (holding insured could not use the theory of estoppel "to create coverage where none otherwise exists—that is, to create an otherwise nonexistent written contract providing lemon law coverage for used car sales, in order to use the newly created contract as the basis for a claim of breach"); *see also Manneck v. Lawyers Title Ins. Corp.*, 28 Cal. App. 4th 1294, 1303 (1994) ("[C]overage under an insurance policy cannot be established by estoppel or waiver[,]" and therefore insured could not rely on estoppel where policy clearly and explicitly stated that coverage existed only where insureds were forced to remove existing structures and insureds conceded that no forced removal had occurred); *cf. Tomerlin v. Canadian Indem. Co.*, 61 Cal. 2d 638, 645-48 (1964) (holding under facts of that case that an insurer can be held liable to an insured on an estoppel theory for representations made by insurer's attorney concerning existence of coverage and on which insured relied in dispensing with the services of his personal attorney in the underlying action and permitting counsel selected by the insurer to defend him). Here, Travelers does not contend that Continental ever affirmatively represented to NAM or BVCA that there was coverage under the Continental policy for the *Toda* lawsuit. Indeed, BVCA did not cross-claim against Continental and did not oppose Continental's motion for summary judgment.

Accordingly, the Court finds that Continental has met its burden on summary judgment to show that there is no possibility of coverage for the *Toda* lawsuit under its policy and therefore that it did not have a duty to defend BVCA against that lawsuit, and GRANTS summary judgment in favor of Continental on all of the causes of action asserted against it by Travelers.

**II.     Travelers Property Casualty Company's Motion for Summary Judgment**

Travelers moves for summary judgment on all of its claims against BVCA, Toda, Farmers, and Continental. Travelers seeks a declaration that it owed no coverage to, had no duty to defend, and has no duty to indemnify its insured, BVCA, for the default judgment entered in the *Toda* lawsuit. Travelers contends that it is entitled to summary judgment in its favor on the bases that: (1) BVCA concealed material facts during its application for insurance with Travelers, warranting rescission of the policies and an award in favor of Travelers for the defense costs and fees that it has incurred; (2) the claims asserted in the underlying *Toda* action do not fall within the Insuring

8

1    Agreement of the policies issued by Travelers; (3) BVCA breached a condition precedent to
2    coverage by failing to provide timely notice of the claims and the *Toda* lawsuit, resulting in actual
3    prejudice to Travelers; and (4) in the alternative, Farmers and/or Continental owed a duty to defend
4    BVCA in the underlying action and therefore Travelers is entitled to equitable contribution from
5    those insurers.

6    To the extent Travelers seeks summary judgment against Continental, the motion is
7    DENIED as moot for the reasons stated above with regard to Continental's motion. The Court will
8    address the balance of Travelers' motion.

### A. Rescission

Travelers contends that the undisputed facts show that BVCA obtained the policies through misrepresentation and concealment of material facts and that the policies are therefore void *ab initio* as a matter of law. Travelers asserts that BVCA concealed and failed to disclose in its application for insurance the condition of the roof and exterior walls, the ongoing unresolved dispute with Toda, and Toda's threat of litigation. In response, BVCA contends that the evidence shows, at a minimum, that there are disputed issues of fact sufficient to defeat summary judgment. BVCA argues that the "application" upon which Travelers relies was prepared by Travelers' agent, not BVCA, and BVCA never saw, reviewed or signed that document. BVCA also argues that there are no misrepresentations on the "application," as that document asks about "losses" rather than "claims," and the application did not ask any questions about the condition of the roof or walls. BVCA also contends that there are questions about materiality because, *inter alia*, Travelers renewed the policy after it had knowledge of the *Toda* lawsuit.

The Court looks to three factors in determining whether an insurance company has the right to rescind: (1) whether the insured misrepresented or concealed information in its application for insurance; (2) whether the information misrepresented or concealed was material; and (3) whether the insured knew that it had made a material misrepresentation or concealment. *See Casey By and Through Casey v. Old Line Life Ins. Co. of America*, 996 F. Supp. 939, 944 (N.D. Cal. 1998); *see also LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 156 Cal. App. 4th 1259, 1266-67

(2007).

Applying these factors to the instant case, the Court concludes that there are genuine issues of fact as to all of these elements, and thus that summary judgment on Travelers' claim for recission is not warranted.

### B. Coverage Defenses/Reservation of Rights

Invoking the known loss doctrine, Travelers contends that there is no coverage under its policies because the claims asserted in the *Toda* lawsuit were known events prior to the issuance of the policies. Travelers also contends that there is no coverage because the property damage occurred outside of the policy periods.

In response, BVCA asserts that Travelers has waived its coverage defenses because Travelers failed to properly reserve its rights to assert coverage defenses and is therefore estopped from asserting them now. Travelers' reply brief asserts that Travelers reserved its all of its rights, including a right to reimbursement of fees, by informing BVCA's attorneys, Angus & Terry, in an email that "Travelers is agreeing to defend under a reservation of rights and our position letter will be sent shortly." Supp. Falstad Decl. Ex. A (Dkt. No. 99-2). BVCA states in its sur-reply that no such position letter was ever sent. BVCA also argues that the Falstad email is not a proper or adequate reservation of rights because, *inter alia*, (1) no position letter was ever sent to BVCA informing BVCA of any rights that Travelers was reserving; (2) contrary to Travelers' assertion that it agreed to defend BVCA subject to a "full" reservation of rights including the right to reimbursement, the email does not contain the words "full" or "reimbursement," nor does the email assert any specific coverage defenses; and (3) Travelers refused to continue to pay for Angus & Terry to represent BVCA as *Cumis* counsel and instead controlled the defense. BVCA also contends that there are disputes of fact on the merits of the coverage defenses.

"[I]f the insurer adequately reserves its right to assert the noncoverage defense later, it will not be bound by the judgment." *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 279 (1966). "[I]f a liability insurer, with knowledge of a ground of forfeiture or noncoverage under the policy, assumes and conducts the defense of an action brought against the insured, without disclaiming liability and

10

giving notice of its reservation of rights, it is thereafter precluded in an action upon the policy from setting up such ground of forfeiture or noncoverage." *Miller v. Elite Ins. Co.*, 100 Cal. App. 3d 739, 755 (1980) (internal quotation marks and citation omitted). An insured must receive actual notice of an insurer's reservation of rights. *See State Farm Fire & Cas. Co. v. Jioras*, 24 Cal. App. 4th 1619, 1626 (1994).

The Court concludes that there are questions of fact regarding whether Travelers defended pursuant to a reservation of rights and whether Travelers is estopped from asserting policy defenses. The Court finds that the cases upon which Travelers relies for its assertion that it properly reserved its rights as a matter of law are factually distinguishable. For example, in *Marentes v. State Farm Mut. Auto. Ins. Co.*, 224 F. Supp. 3d 891 (N.D. Cal. 2016), State Farm "informed Marentes that Defendant was investigating the accident and stated that Defendant reserved the right to assert all available policy defenses." *Id.* at 899 (citing ECF No. 40–4, a position letter from State Farm sent by certified mail to insured identifying coverage defense and stating, *inter alia*, "State Farm . . . does not intend, by this letter, to waive any policy defense in addition to those stated above, but specifically reserves its right to assert such additional policy defenses at any time."). Further, if the Court could reach the merits of the coverage defenses – which the Court cannot – although Travelers has asserted persuasive arguments in favor of a lack of coverage, the Court finds there are disputes of fact as to what was known by the BVCA board members prior to the inception of the Travelers policy as well as whether the damage to Unit 306 was a "continuation, change or resumption" of the known damage.

### C. Notice and Actual Prejudice

Travelers contends that BVCA failed to provide it with timely notice of the *Toda* lawsuit and that it suffered actual and substantial prejudice as a result because a default judgment was entered in that lawsuit. Travelers argues that if BVCA had provided timely notice, Travelers could have investigated the claims made and the damages sought. Travelers also contends that the default judgment award to Toda exceeded the amount of damages to which he would have been entitled under California law.

BVCA argues that Travelers has not met its burden to show actual and substantial prejudice as a matter of law to succeed on a late notice defense. BVCA argues that Travelers – which assumed BVCA's defense while the motion to set aside the default judgment was pending and filed the reply brief and appeared at the hearing – could have moved to set aside the default and default judgment based on lack of jurisdiction due to the defective service of the *Toda* lawsuit on BVCA, and then Travelers could have asserted all of the defenses Travelers is now claiming that it could have asserted.

"[W]here a default judgment results from a lack of notice by the insured, (1) the insurer is liable on the judgment unless it suffered actual, substantial prejudice, and (2) the mere inability to investigate the claim thoroughly or to present a defense in the underlying suit does not satisfy the prejudice requirement." *Belz v. Clarendon Am. Ins. Co.*, 158 Cal. App. 4th 615, 620 (2007). "Prejudice is a question of fact on which the insurer has the burden of proof." *Pitzer Coll. v. Indian Harbor Ins. Co.*, 8 Cal. 5th 93, 105 (2019). "The insurer establishes actual and substantial prejudice by proving more than delayed or late notice. It must show a substantial likelihood that, with timely notice, and notwithstanding a denial of coverage or reservation of rights, it would have settled the claim for less or taken steps that would have reduced or eliminated the insured's liability." *Id.* (internal quotation marks and citation omitted).

The Court concludes that Travelers has not demonstrated that it is entitled to summary judgment on its late notice defense. Although Travelers contends that BVCA waived its right to challenge the defective service by filing the motion to set aside the default pursuant to California Code of Civil Procedure § 473 and not § 418.10, here Travelers assumed the defense before the briefing on the motion to set aside the default judgment was completed and prior to the hearing. Travelers could have moved to set aside the default and default judgment based on jurisdictional grounds. On the facts presented here, the Court cannot conclude that such a motion would have been futile.

### D. Equitable Contribution

In the alternative, Travelers seeks summary judgment on its claim for equitable contribution

12

from Farmers. "In the insurance context, the right to contribution arises when several insurers are obligated to indemnify or defend the same loss or claim, and one insurer has paid more than its share of the loss or defended the action without any participation by the others." *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65 Cal. App. 4th 1279, 1293 (1998). "Equitable contribution permits reimbursement to the insurer that paid on the loss for the excess it paid over its proportionate share of the obligation, on the theory that the debt it paid was equally and concurrently owed by the other insurers and should be shared by them pro rata in proportion to their respective coverage of the risk." *Id.*

The Court DENIES Travelers' motion for summary judgment as to equitable contribution because a necessary predicate finding for equitable contribution is that there is coverage for the *Toda* lawsuit under both the Travelers and Farmers policies. As discussed above, there are questions of fact as to the existence of coverage, as well as estoppel, with regard to the Travelers policies. In addition, as discussed *infra*, there are questions of fact as to coverage under the Farmers policies.

### III. Farmers Insurance Exchange's Motion for Summary Judgment

Farmers moves for summary judgment on the causes of action alleged by BVCA and Travelers against it. Farmers contends that it did not have a duty to defend BVCA against the *Toda* lawsuit and that it has no duty to indemnify BVCA for the default judgment. Farmers contends that there is no coverage because (1) BVCA breached the consent provision of the General Liability policy by filing a motion to set aside the default judgment under California Code of Civil Procedure § 473 rather than § 418.10, and thus assumed an obligation without Farmers' consent; (2) BVCA's violation of the notice provisions of the General Liability policy cause Farmers to suffer actual, substantial prejudice because the default judgment was entered, and BVCA was not excused from providing timely notice of the *Toda* lawsuit; and (3) there is no coverage under the Directors & Officers policy because that policy does not cover property damage.

#### A. Breach of Consent Provision

The consent provision states, "No insured will, except at the insured's own cost, voluntarily

make a payment, assume any obligation or incur any expense, other than for first aid, without our consent." Rodriguez Decl. Ex. I at MSJ 00661 (Dkt. No. 87-11). Farmers does not cite any authority in support of its creative contention that the filing of an unsuccessful motion to set aside a default judgment is the same thing as assuming an obligation. *Cf. Belz*, 158 Cal. App. 4th at 628 ("The underlying suit by Belz involved a default judgment against Namay, not a voluntary payment by him. The courts have applied a no-voluntary-payment provision to affirmative acts by the insured, namely, the making of unapproved expenditures in response to a claim or suit, including the payment of a settlement, attorney fees, litigation costs, repair expenses, and remediation costs. Here, Namay did not pay or settle anything in the underlying suit. On the contrary, he did virtually nothing at all."). Indeed, as BVCA argues, rather than assuming an obligation, by filing the motion to set aside the default judgment, BVCA was seeking to vacate the "obligation."

Further, even if BVCA somehow violated the consent provision by filing the wrong type of motion, Farmers does not cite any authority for proposition that a violation of that provision negates Farmers' duty to defend. The Court DENIES Farmers' motion on this ground.

### B. Notice and Prejudice

The parties' arguments on this issue are substantially the same as those advanced by Travelers, and opposed by BVCA, in connection with Travelers' motion for summary judgment, and the Court DENIES Farmers' motion for the same reasons articulated above. Farmers received actual notice of the *Toda* lawsuit on March 12, 2019, prior to the due date of the reply brief on the motion to set aside the default judgment and the hearing on that motion. Farmers could have defended BVCA subject to a reservation of rights, and moved to set aside the default and default judgment on jurisdictional grounds.

### C. D & O Coverage

Farmers contends that there is no coverage under the Directors & Officers policy because that policies do not apply to "property damage." The policies provide that "This insurance does not apply to 'claims': 1. For any 'bodily injury', 'property damage', or 'personal and advertising injury'

14

. . . ." Rodriguez Decl. Ex. I at MSJ 00665. Farmers argues that there was no possibility of coverage under the D&O policy because the *Toda* lawsuit sought damages based on property damage.

BVCA responds that the *Toda* complaint alleged that the BVCA board breached their fiduciary duties and thus that there was the possibility of coverage under the D&O policy, triggering the duty to defend. The Insuring Agreement for the D&O coverage states that "We will pay the 'loss' for which you become legally obligated to pay as a result of a 'claim' against any insured for any 'wrongful acts' committed by any insured person. The 'wrongful acts' must be committed in the conduct of management responsibilities for the organization." *Id*. at MSJ 00664.

The Court concludes that Farmers has not met its burden on summary judgment to show that there was no possibility of coverage under the D&O policies. The Court notes that Farmers devoted less than half a page of its motion to this argument and did not address the Insuring Agreement language. Farmers' reply brief cites three cases that it asserts stand for the proposition that "a D&O Policy does not cover claims for breach of fiduciary duty by a unit owner against a homeowners association, which breach causes property damage to the homeowners; this is because the claim depends upon the existence of property damage, arises out of such property damage, and is therefore excluded under the D&O coverage form's property-damage exclusion." Farmers' Reply at 15. However, in the three cases cited by Farmers, the policies contained more expansive language excluding coverage for claims "arising out of" property damage. *See Eastpointe Condo. I Ass'n, Inc. v. Travelers Cas. & Sur. Co. of Am*., 379 F. App'x 906, 908 (11th Cir. 2010) ("The plain language of the D & O policy excludes coverage for any claim made 'for or arising out of any damage, destruction, loss of use or deterioration of any tangible property.' . . . . In light of the broad interpretation given to the phrase 'arising out of,' we agree with the district court that the property damage exclusion applies to Bursten's breach of fiduciary duty claim."); *Hess v. Travelers Cas. & Sur. Co. of Am*., No. 11-C-1310, 2013 WL 623981, at *3 (N.D. Ill. Feb. 20, 2013) (policy provided, "The Insurer shall not be liable to make any payment for Loss in connection with any Claim made against any of the Insureds .... for or arising out of any damage, destruction, loss of use or deterioration of any tangible property including without limitation, . . . ."); *Forrest as Tr. for Jack Thrash Forrest III Tr. v. Ville St. John Owners Ass'n, Inc*., 2018-0175 (La. App. 4 Cir. 11/7/18), 259

So. 3d 1063, 1070 (policy provided, "The Company will not be liable for Loss for any Claim based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any damage to, destruction of, deterioration of, loss of, or loss of use of any tangible property, . . .").

Here, the policies provide that "This insurance does not apply to 'claims' . . . for any 'property damage.'" It is not obvious to the Court that a claim "for" property damage encompasses a claim for breach of fiduciary duty, and Farmers did not cite any cases where courts analyzed more narrow policy language like that at issue here. Accordingly, the Court concludes that Farmers is not entitled to summary judgment.

Finally, because Farmers has not established that there was no coverage for the *Toda* lawsuit under its policies, the Court finds that it has not shown that it is entitled to summary judgment on the claims alleged against it by Travelers.

## CONCLUSION

For the reasons stated above, the Court GRANTS Continental's motion for summary judgment and DENIES the motions for summary judgment filed by Travelers and Farmers.

**IT IS SO ORDERED**.

Dated: May 28, 2021

SUSAN ILLSTON
United States District Judge